**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In Re   Norma L Romero           )
                Debtor(s)        )   Case No. 20-00878
                                 )   Chapter 13
                                 )   Judge Timothy Barnes

## NOTICE OF MOTION

To:

Marilyn O Marshall, Chapter 13 Trustee, 224 S Michigan Ave Suite 800 Chicago, IL 60604, via electronic court notification;

Norma L Romero, 2923 E 96Th St Chicago, IL 60617, via U.S. mail;

Attached parties as listed on Notice of 341 Meeting of Creditors and Certificate of Notice (served via U.S. Mail or ECF).

PLEASE TAKE NOTICE that on March 05, 2020 at 10:30 AM I shall appear before Judge Timothy Barnes at 219 South Dearborn, Courtroom 744, Chicago, Illinois 60604 and present the attached motion and you may appear if you so choose.  The Bankruptcy Court will hold a hearing to consider a request by Debtor(s) Counsel for payment of legal fees in the amount of $4500.00 plus expenses of $348.23, if there are no objections, the Court may confirm the plan and allow fees requested by Debtor's counsel to be paid through the plan.

/s/ Elizabeth Placek
Attorney for Debtor
The Semrad Law Firm, LLC
20 South Clark Street, 28th Floor
Chicago, IL 60603
(312) 913-0625

## PROOF OF SERVICE

I, the undersigned, certify that I caused this Notice and a copy of the attached document(s) to be served upon the entities named above by depositing the same in the U.S. Postal Service's mail box at 20 S. Clark Street, Chicago, IL 60603, on February 06 2020, except that the Trustee and any other party indicated in the Notice of Filing were served electronically by the court on such date.

/s/ Elizabeth Placek
Attorney for Debtor

| Information to identify the case: | | | | |
|---|---|---|---|---|
| Debtor 1 | **Norma L Romero** | | Social Security number or ITIN | **xxx–xx–2050** |
| | First Name  Middle Name  Last Name | | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | | Social Security number or ITIN | _ _ _ _ |
| | | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Northern District of Illinois** | | Date case filed for chapter 13 | **1/13/20** |
| Case number: | **20–00878** | | | |

# Official Form 309I
## Notice of Chapter 13 Bankruptcy Case                                      12/17

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Norma L Romero | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 2923 E 96Th St<br>Chicago, IL 60617 | |
| 4. | **Debtor's attorney**<br>Name and address | Elizabeth Placek<br>The Semrad Law Firm, LLC<br>20 S. Clark<br>28th Floor<br>Chicago, IL 60603 | Contact phone 312–256–8713<br>Email: eplacek@semradlaw.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Marilyn O Marshall<br>224 South Michigan Ste 800<br>Chicago, IL 60604 | Contact phone 312–431–1300 |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | Eastern Division<br>219 S Dearborn<br>7th Floor<br>Chicago, IL 60604 | Hours open:<br>8:30 a.m. until 4:30 p.m. except Saturdays, Sundays and legal holidays.<br>Contact phone 1–866–222–8029<br>Date: 1/14/20 |

**For more information, see page 2**

| | | |
|---|---|---|
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **February 10, 2020 at 12:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>**Debtors must bring a picture ID and proof of their Social Security Number**. | **Location:**<br>**224 South Michigan, Suite 800, Chicago, IL 60604** |
| **8. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 4/10/20** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 3/23/20** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 7/13/20** |
| | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **9. Filing of plan** | The debtor has filed a plan. The plan is enclosed. The hearing on confirmation will be held on:<br>**3/5/20** at **10:30 AM** , Location: **219 South Dearborn, Courtroom 744, Chicago, IL 60604**<br><br>**The Disclosure of Compensation has been filed. The attorney for the debtor is requesting fees of $ 4500.00**<br>Objections to confirmation of the Plan shall be filed at least 7 days prior to the confirmation hearing. If there are no objections, the Court may confirm the plan and allow fees requested by debtor's counsel to be paid through the plan. | |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. | |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion by the deadline. | |

```
United States Bankruptcy Court
Northern District of Illinois
```

In re:                                                                    Case No. 20-00878-TAB
Norma L Romero                                                            Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0752-1         User: dpruitt           Page 1 of 2          Date Rcvd: Jan 14, 2020
                             Form ID: 309I           Total Noticed: 30

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 16, 2020.
db             +Norma L Romero,    2923 E 96Th St,    Chicago, IL 60617-5011
28541988      #+AURA FINANCIAL/LENDIFY,     333 BUSH ST FL 17,    SAN FRANCISCO, CA 94104-2831
28541990       +CAP1/WMT,    PO BOX 30285,    SALT LAKE CITY, UT 84130-0285
28542008       +Check systems,    229 w. genesse,    #1071,   Buffalo, NY 14201-7046
28542004       +Peoples Gas,    200 E. Randolph,    Chicago, IL 60601-6302
28542006       +Sequium Asset Solutions, LLC,     1130 Northchase Parkway,    Marietta, GA 30067-6413
28542003       +Uptown Cash,    8641 S. Cottage Grove,    Chicago, IL 60619-6107

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty             E-mail/Text: eplacek@semradlaw.com Jan 15 2020 02:43:29      Elizabeth Placek,
                 The Semrad Law Firm, LLC,    20 S. Clark,   28th Floor,    Chicago, IL  60603
tr             +E-mail/Text: courtnotices@chi13.com Jan 15 2020 02:47:27      Marilyn O Marshall,
                 224 South Michigan Ste 800,    Chicago, IL 60604-2503
ust            +E-mail/Text: USTPREGION11.ES.ECF@USDOJ.GOV Jan 15 2020 02:47:31      Patrick S Layng,
                 Office of the U.S. Trustee, Region 11,    219 S Dearborn St,    Room 873,
                 Chicago, IL 60604-2027
28541999       +EDI: GMACFS.COM Jan 15 2020 07:03:00      ALLY FINANCIAL,    Po Box 380901,
                 Minneapolis, MN 55438-0901
28541989       +EDI: WFNNB.COM Jan 15 2020 07:03:00      COMENITY BANK/ANNTYLR,    PO BOX 182789,
                 COLUMBUS, OH 43218-2789
28541985       +EDI: WFNNB.COM Jan 15 2020 07:03:00      COMENITY BANK/CARSONS,    1314 PINELOG ROAD,
                 AIKEN, SC 29803-6072
28541987       +EDI: WFNNB.COM Jan 15 2020 07:03:00      COMENITYBANK/NY&CO,    220 W SCHROCK RD,
                 WESTERVILLE, OH 43081-2873
28541992       +EDI: WFNNB.COM Jan 15 2020 07:03:00      COMENITYBANK/VICTORIA,    220 W SCHROCK RD,
                 WESTERVILLE, OH 43081-2873
28541997       +EDI: WFNNB.COM Jan 15 2020 07:03:00      COMENITYCB/FOREVER21,    PO BOX 182120,
                 COLUMBUS, OH 43218-2120
28541993       +E-mail/PDF: creditonebknotifications@resurgent.com Jan 15 2020 02:51:07       CREDIT ONE BANK NA,
                 PO BOX 98875,    LAS VEGAS, NV 89193-8875
28542005       +E-mail/Text: comedbankruptcygroup@exeloncorp.com Jan 15 2020 02:49:49       ComEd,
                 3 Lincoln Center,    Bankruptcy Section,    Oakbrook Terrace, IL 60181-4204
28542007       +EDI: CCS.COM Jan 15 2020 07:03:00      Credit Collection Services,    725 Canton Street,
                 Norwood, MA 02062-2679
28541986        EDI: JEFFERSONCAP.COM Jan 15 2020 07:03:00       FIRST PREMIER BANK,
                 c/o Jefferson Capital Systems LLC PO Box,    c/o Linda Dold,    Saint Cloud, MN 56302
28541986        E-mail/Text: JCAP_BNC_Notices@jcap.com Jan 15 2020 02:49:00       FIRST PREMIER BANK,
                 c/o Jefferson Capital Systems LLC PO Box,    c/o Linda Dold,    Saint Cloud, MN 56302
28542000       +E-mail/Text: bk@gafco.net Jan 15 2020 02:48:01      GRT AMER FIN,    205 WEST WACKER DR,
                 CHICAGO, IL 60606-1216
28541984       +E-mail/Text: ISAC.Bankruptcy@illinois.gov Jan 15 2020 02:46:22      ILL STDNT AS,
                 1755 LAKE COOK RD,    DEERFIELD, IL 60015-5215
28541991       +EDI: TSYS2.COM Jan 15 2020 07:03:00      MACYS/DSNB,    9111 DUKE BLVD,    MASON, OH 45040-8999
28542001       +EDI: CBSPLS.COM Jan 15 2020 07:03:00      PLS Loan Store,    1900 Roosevelt Rd,
                 Broadview, IL 60155-2926
28541996       +EDI: RMSC.COM Jan 15 2020 07:04:00      SYNCB/JCP,    PO BOX 965007,    Orlando, FL 32896-5007
28541995       +EDI: RMSC.COM Jan 15 2020 07:04:00      SYNCB/SCORE REWARDS,    PO BOX 965005,
                 ORLANDO, FL 32896-5005
28542002       +E-mail/Text: bankruptcy@speedyinc.com Jan 15 2020 02:47:00       Speedy Cash,
                 1931 N. Mannheim Rd,    Melrose Park, IL 60160-1012
28545870       +EDI: RMSC.COM Jan 15 2020 07:04:00      Synchrony Bank,    c/o PRA Receivables Management, LLC,
                 PO Box 41021,    Norfolk, VA 23541-1021
28541994       +EDI: WTRRNBANK.COM Jan 15 2020 07:03:00      TD BANK USA/TARGETCRED,    PO Box 660170,
                 Dallas, TX 75266-0170
28541998        EDI: TFSR.COM Jan 15 2020 07:03:00      TOYOTA MOTOR CREDIT,    PO Box 5855,
                 Carol Stream, IL 60197
                                                                                              TOTAL: 24

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

```
District/off: 0752-1           User: dpruitt              Page 2 of 2                   Date Rcvd: Jan 14, 2020
                               Form ID: 309I              Total Noticed: 30
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 16, 2020                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 14, 2020 at the address(es) listed below:
              Elizabeth  Placek    on behalf of Debtor 1 Norma L Romero eplacek@semradlaw.com,
               ilnb.courtview@SLFCourtview.com
              Marilyn O Marshall    courtdocs@chi13.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
                                                                                             TOTAL: 3
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 20-00878 |
| Norma L Romero | ) | |
| | ) | Chapter: 13 |
| | ) | |
| | ) | Honorable Timothy A. Barnes |
| | ) | |
| Debtor(s) | ) | SELECT IF OUTLYING AREA |

**ATTORNEY'S APPLICATION FOR CHAPTER 13 COMPENSATION UNDER
THE COURT-APPROVED RETENTION AGREEMENT**
(Use for cases filed on or after April 20, 2015)

The undersigned attorney seeks compensation pursuant to 11 U.S.C. § 330(a)(4)(B) and the **Court-Approved Retention Agreement** executed by the debtor(s) and the attorney, for representing the interests of the debtor(s) in this case.

**Use of Court-Approved Retention Agreement:**

The attorney and the debtor(s) have entered into the Court-Approved Retention Agreement.

**Attorney Certification:**

The attorney hereby certifies that:

1. All disclosures required by General Order No. 11-2 have been made.

2. The attorney and the debtor(s) have either:

    (i) not entered into any other agreements that provide for the attorney to receive:

    a. any kind of compensation, reimbursement, or other payment, or

    b. any form of, or security for, compensation, reimbursement, or other payment that varies from the Court-Approved Retention Agreement; or

    (ii) have specifically discussed and understand that:

    a. the Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation;

    b. the terms of the Court-Approved Retention Agreement take the place of any conflicting provision in an earlier agreement;

    c. the Court-Approved Retention Agreement cannot be modified in any way by other agreements; and

    d. any provision of another agreement between the debtor and the attorney that conflicts with the Court-Approved Retention Agreement is void.

**Compensation sought for services in this case pursuant to the Court-Approved Retention Agreement:**

$ 4500.00  flat fee for services through case closing

**Reimbursement sought for expenses in this case:**

$ 310.00  for filing fee paid by the attorney with the attorney's funds

$  38.23  for other expenses incurred in connection with the case and paid by the attorney with the attorney's funds (itemization must be attached)

$ 348.23  Total reimbursement requested for expenses.

**Funds previously paid to the attorney by or on behalf of the debtor(s) in the year before filing this case and not reflected in or related to the Court-Approved Retention Agreement:**

☑ None
A total of  $

Date of Application:  2/6/2020        Attorney Signature  /s/Elizabeth Placek

Local Bankruptcy Form 23-1

# **Expenses**

Docket No:    20-00878

Debtor(s):    Norma L Romero

| **Expense** | **Date Incurred** | **Total Charge** |
|---|---|---|
| CREDIT REPORT- Single $8.47 | 1/6/2020 | $8.47 |
| Credit Counseling Advising- Single | 1/11/2020 | $9.76 |
| COPIES | 1/11/2020 | $10.00 |
| FILING FEE CHAPTER 13 | 1/11/2020 | $310.00 |
| POSTAGE | 1/11/2020 | $10.00 |
| | **TOTAL CHARGE** | **$348.23** |

B2030 (Form 2030) (12/15)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re ___Norma L Romero___     Case No. _____
       Debtor                                    (If known)
                                 Chapter  __Chapter 13__

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the abovenamed debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ........................................... $4,500.00
   Prior to the filing of this statement I have received ............................. $0.00
   Balance Due ........................................................................................... $4,500.00

2. The source of the compensation paid to me was:
   [✓] Debtor    [ ] Other (specify)

3. The source of the compensation paid to me is:
   [✓] Debtor    [ ] Other (specify)

4. [✓] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

__1/11/2020__                    __/s/ Elizabeth Placek__
Date                              Signature of Attorney

                                  Semrad Law Firm
                                  Name of law firm



UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

(Court-Approved Retention Agreement, Use for cases filed on or after September 19, 2016)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtors and the attorney that conflicts with this agreement is void.

A.   *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

1

6. Advise the debtor of the need to maintain appropriate insurance.

### B.    AFTER THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and, when the case is called, for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce.)

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

2



4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Prepare, file, and serve a notice of conversion to Chapter 7, pursuant to § 1307(a) of the Bankruptcy Code and Local Bankruptcy Rule 1017-1.

17. Provide any other legal services necessary for the administration of the case.

  C. *TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES*

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under Chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the Chapter 7 case for any unpaid fees and expenses, pursuant to § 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

3



### D.   RETAINERS AND PREVIOUS PAYMENTS

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

☑   The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

(a)   The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:

Client understands that any funds that client is rendering to The Semrad Law Firm, LLC as part of the advance payment retainer shall immediately become the property of The Semrad Law Firm, LLC in exchange for a commitment by The Semrad Law Firm, LLC to provide the legal services described above. Said funds will be deposited into the main bank account owned by The Semrad Law Firm, LLC and will be used for general expense of the firm. Client further understands that it is ordinarily the client's option to deposit funds with an attorney that shall remain client's property as security for future services. However, The Semrad Law Firm, LLC does not represent clients under such a security retainer because the preparation of a bankruptcy cases requires many disparate tasks and functions for the attorney and support staff; some of which require legal expertise while other may be only ministerial in nature. Client further understands that the benefit that client is receiving under the fee arrangement is the commitment of The Semrad Law Firm, LLC to perform any and all work reasonably necessary to represent client's interest absent any extraordinary circumstance.

(b)   The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

(c)   The retainer is a flat fee for the services to be rendered during the chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

(d)   Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e)   The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation, the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing, including the date(s) any such fees were paid.

### E.   CONDUCT AND DISCHARGE

1. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney.* The debtor may discharge the attorney at any time.



Local Bankruptcy Form 23c

### F. ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $4,500.00

2. In addition, the debtor will pay the filing fee in the case and other expenses of $353.23
3. Before signing this agreement, the attorney has received, $0.00
   toward the flat fee, leaving a balance due of $4,500.00 ; and $43.23 for expenses,
   leaving a balance due of $4,853.23

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date: 1/11/2020

Signed:

/s/ Norma Romero

Debtor(s)

/s/ Elizabeth Placek

Attorney for Debtor(s)

Do not sign if the fee amounts at top of this page are blank.

# THE SEMRAD LAW FIRM

Attorneys & Counselors at Law
20 S. Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625

Re: Agreement Regarding Priority Treatment of The Semrad Law Firm LLC's Fees and Expenses

Dear **Norma L Romero**,

Thank you for choosing The Semrad Law Firm LLC (the Firm) to represent you in connection with your Chapter 13 bankruptcy case. In addition to the terms contained in the Court Approved Retention Agreement (CARA) it is our policy to confirm in writing how and when the Firm's fees and expenses will be paid. If there are any terms contained in this document that are in conflict with CARA, those terms are void.

Aside from any initial retainer that you pay the Firm, you will be required to pay the Firm's fees and expenses through the Chapter 13 plan after it is approved by the Bankruptcy Court. Each month, you will pay the Trustee the amount stated in your Chapter 13 plan. The Trustee will then disburse that money out according to the provisions of your plan to the Firm and other creditors.

The model Chapter 13 plan gives fourth priority to attorneys' fees, after the Trustee's fees, current mortgage payments, and payments to secured creditors listed in Section 3.1, 3.2, or 3.3 (for example, payments due to lenders on a loan to purchase a car, furniture, appliance or other item of personal property). The Firm intends to alter this priority scheme by modifying the model Chapter 13 plan to provide for payment of the Firm's attorney's fees and costs before any payments are made to your other creditors. That means that the money you send to the Trustee each month will first be paid to the Firm and not to pay the claims of your other creditors until the Firm's fees and expenses are paid in full. Such claims of other creditors include your car note, other financed personal property, parking tickets, taxes, and any claims of other creditors that may be included in your plan.

Aside from the Firm's commitment to perform any and all work reasonably necessary to represent you in this bankruptcy case without requiring you to pay a substantial amount of the fees and expenses up front, there is no benefit to you from this priority treatment of the Firm's fees and expenses. Furthermore, this arrangement presents certain risks. **In the event that your case is dismissed before completion of the plan or if you decide to convert your case to a case under Chapter 7, it is likely that the Firm's attorneys' fees will have been paid while little of your other debts are paid.**

**In addition, there is the possibility that a creditor or the Trustee may object to the Firm being paid under this altered priority arrangement. In the event of such an objection, the Firm may lower that amount that the Firm will receive each month and increase the**

# THE SEMRAD LAW FIRM

Attorneys & Counselors at Law
20 S. Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625

**<u>monthly payment to such creditor in order to resolve the objection. However, creditors may seek to recover additional attorneys' fees as a result of any such objection and you may be required to pay the creditors' additional attorneys' fees over time through the Chapter 13 Plan.</u>**

A Chapter 13 plan will be filed on your behalf to repay your creditors. Your Chapter 13 plan payment will be **$610.00** at the time of filing. This monthly Chapter 13 plan payment can be subject to change during your case. Included within this monthly plan payment is the Firm's compensation for representing you during the Chapter 13. You will be paying the Firm an attorney fee of **$4,500.00**, with an initial down payment of **$0.00**.

Within the Chapter 13 plan payment, you will be paying back your creditors and the Firm's attorney fees:

1. The trustee will be paid an estimated **5.4%** of the plan payment.
2. The Firm's fees will be paid at approximately **$457.00**/mo.
3. **TOYOTA MOTOR CREDIT** will be paid $18,516.00 at **6.25%** APR at a fixed monthly payment of $105.00/mo until Firm's Fees are paid. **COMMENCING ON JUNE 2021 TOYOTA MOTOR CREDIT will be paid monthly $333.50.**
4. **GRT AMER FIN** will be paid $2,963.00 at **3.25%** APR at a fixed monthly payment of $15.00/mo until Firm's Fees are paid. **COMMENCING ON JUNE 2021 GRT AMER FIN will be paid monthly $243.50.**
5. General Unsecured Creditors will be paid **10%** pro-rata after all other creditors.
6. Your student loans are listed as being in deferment status and will not be paid through your Chapter 13 plan.

If you do not wish to pay the Firm's attorneys' fees and expenses ahead of your creditors as set forth above, you have the following options:

A. You can elect to pay the Firm an upfront retainer of $1,500 prior to filing your case and elect for the plan to pay your car note (and/or other claims secured by personal property) and mortgage arrears in equal set monthly payments along with the Firm's fees and expenses; or

B. You can seek representation by another firm under a different payment arrangement.

Please carefully review this letter. If the terms are not consistent with your understanding of our engagement in any respect or if you have any questions concerning the same, please notify us promptly. You can also seek advice from other counsel regarding your rights under this

# THE SEMRAD LAW FIRM

Attorneys & Counselors at Law
20 S. Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625

arrangement. Firm policy and a prior court order require that we receive confirmation of your acceptance of these terms in the form of your signature at the bottom of this letter. Please return the signed copy to the Firm as soon as possible.

Very Truly Yours,

THE SEMRAD LAW FIRM LLC

_____
Tanya Velazquez, One of its Attorneys

Accepted:

_____
**Norma L Romero**
Date: 01/11/2020